**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000785
28-MAY-2014
07:53 AM**

NO. CAAP-13-0000785

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

FETU KOLIO,
Appellant/Plaintiff-Appellant,
v.
HAWAI'I PUBLIC HOUSING AUTHORITY,
Appellee/Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-2339-09)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J. and Leonard, J.,
with Reifurth, J. dissenting)

Appellant/Plaintiff-Appellant Fetu Kolio (**Kolio**)
appeals from the (1) March 21, 2013 "Order Affirming Appellee's
Findings of Fact, Conclusions of Law, Decision and Order, Filed
on September 21, 2012, And Dismissing Appellant's Agency's
Appeal" (**Order Affirming FOFs/COLs/D&O**) and (2) April 12, 2013
Judgment both entered in the Circuit Court of the First Circuit[1]
(**circuit court**).

In this secondary appeal, Kolio contends the circuit
court erred by:

(1) affirming Appellee/Defendant-Appellee Hawai'i
Public Housing Authority's (**HPHA**) interpretation that the Mayor
Wright Homes Tenant Association (**MWTA**) rules are binding
obligations under the parties' Rental Agreement;

---

[1]   The Honorable Rhonda A. Nishimura presided.

(2) affirming the Oʻahu Eviction Board's September 21, 2012 "Findings of Fact, Conclusions of Law, Decision and Order" (**Eviction Order**) because HPHA failed to identify any specific laws, rules, regulations, ordinances of governmental authorities, or Mayor Wright project rules that pertain to and establish standards for residential occupants that had been violated by Kolio; and

(3) affirming the Eviction Order because HPHA failed to show Kolio's actions posed a threat to health, safety, or the right to peaceful enjoyment of the premises of other residents or HPHA employees because the alleged threat by Kolio was entirely speculative, supported only by hearsay, and was based on a misinterpretation of the plain meaning of the lease provision.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kolio's points of error as follows.

Hawaii Administrative Rules (**HAR**) § 17-2020-5(b) (2004), provides in relevant part:

> §17-2020-5 <u>Grounds for termination of tenancy and eviction.</u>
>
> . . . .
>
> (b)  The following constitutes grounds for termination of the rental agreement:
>
> > (1)  Serious or repeated violation of material terms of the rental agreement, including, but not limited to:
> >
> > > (A)  Failure to make payments due under the rental agreement;
> > >
> > > (B)  <u>Failure to fulfill household obligations as defined in the rental agreement</u>.
> >
> > (2)  Other good cause, including, but not limited to, the following:
> >
> > > (A)  Criminal activity or alcohol abuse;
> > >
> > > (B)  Discovery after admission of facts that made the tenant ineligible;
> > >
> > > (C)  Discovery of material false statements or fraud by the tenant in connection with an application for assistance or with reexamination of income; and
> > >
> > > (D)  Failure of a family member to comply with service requirement provisions of 24 C.F.R. part 960, subpart F; and

    (E)      Failure to accept the corporation's offer of a revision to the existing rental agreement, subject to the requirements of 24 C.F.R. 966.4(1).

(Emphasis added.)

Section 8 of the Rental Agreement, entitled "Tenant's Obligations," contained a provision under subsection (p) obligating Kolio to not engage in "(1) [a]ny criminal activity or alcohol abuse that threatens the health, safety or right to peaceful enjoyment of Management's public housing premises by other public housing residents or neighboring residents or employees of Management[.]" Violation of this obligation constituted grounds for HPHA to terminate Kolio's Rental Agreement. See HAR § 17-2020-5(b)(1)(B).

HPHA's issued a "Notice of Violation of Rental Agreement and Proposed Termination of Rental Agreement (Non-Rent Violation)" giving Kolio notice that HPHA was proceeding to terminate his lease because of his violation of section 8(p)(1) of the Rental Agreement. The Eviction Board concluded Kolio failed to comply with section 8(p)(1) and specified that he had "engaged in criminal activities that threatened the health, safety and right to peaceful enjoyment of the other residents of the Mayor Wright housing project."

Kolio contends his conviction of second-degree theft was not the kind of "criminal activity" contemplated by section 8(p)(1) because his criminal acts did not "threaten[] the health, safety or right to peaceful enjoyment" of Mayor Wright Housing by residents or employees. Kolio's criminal theft involved the "Resident Participation Funds,"[2] which were to be used "to generate programs for the residents within the community to gain

_____

[2] United States Housing and Urban Development (HUD) regulations set forth the purposes of the MWTA "Resident Participation Funds" at issue. 24 C.F.R. § 964-150(a)(1). HUD provides monies to fund tenant participation and HPHA is required to provide these monies to "the duly elected resident council . . . ." 24 C.F.R. § 964-150(a)(1). These funds "must be used for the purpose set forth in subparts B and C of this part [964]." 24 C.F.R. § 964-150(a)(2). Subpart B, entitled "Tenant Participation," provides, "[t]he role of the resident council is to improve the quality of life and resident satisfaction and participate in self-help initiatives to enable residents to create a positive living environment for families living in public housing." 24 C.F.R. § 964.100. Subpart C establishes a "Tenant Opportunities Program," which "provides opportunities for resident organizations to improve living conditions and resident satisfaction in public housing communities." 24 C.F.R. § 964.200(a).

either employment or anything to make them become self sufficient, or to provide anything that would be a benefit to the residents within the community" and "[f]or services like it [the appropriate expenditure] could be anything from computer classes to sewing classes to reading classes, anything that would benefit the, not the association, the residents . . . ."

Kolio refers to Boston Hous. Auth. v. Bryant, 693 N.E.2d 1060 (1998) for the proposition that financial harm, such as that caused by a tenant's act of credit card fraud, is distinct from "types of harm that threaten health, safety, or peaceful enjoyment that can justify eviction." Boston Hous. Auth. is distinguishable from this case in that as noted by HPHA, the Massachusetts court concluded the Boston Housing Authority's power to employ summary eviction procedures was "limited by statute to violations of provisions that forbid crimes that are physically destructive, violent, associated with violence, or visibly asocial."[3] Id., 693 N.E.2d at 1063. The Massachusetts court also noted, the "threat" posed by the tenant's fraudulent use of the credit card to the Boston Housing Authority employee's health and safety "rest[ed] on a chain of conjecture about hypothetical facts" and none of the potentially threatening events ever occurred. Boston Hous. Auth., 693 N.E.2d at 1062.

In this case, Kolio's criminal theft misappropriated MWTA "Resident Participation Funds," that were already allocated

---

[3] The pertinent Massachusetts statute required the housing authority to afford tenants a hearing on lease termination except

> if there is reason to believe that the tenant or a member of the tenant's household has (1) unlawfully caused serious physical harm . . . , or (2) threatened to seriously physically harm another . . . , or (3) destroyed, vandalized or stolen property of a tenant or the housing authority or any person lawfully on the premises of the housing authority which thereby creates or maintains a serious threat to the health or safety of a tenant or employee of the housing authority or any person lawfully on the premises of the housing authority, or (4) on or adjacent to housing property, possessed, carried, or illegally kept a weapon . . . , or (6) engaged in other criminal conduct which seriously threatened or endangered the health or safety of another tenant, an employee of the housing authority or any other person lawfully on the premises of the housing authority[.]

Mass. Gen. L. Ann. 121B, § 32 (2004).

4

and were now unavailable for purposes that included the benefit of the health, safety, and peaceful enjoyment of the Mayor Wright Housing residents. Kolio's theft thus constituted the kind of criminal activity that posed a "threat" within the meaning of section 8(p)(1) of the Rental Agreement and provided sufficient grounds for the Eviction Order.

Therefore,

IT IS HEREBY ORDERED that the (1) March 21, 2013 "Order Affirming Appellee's Findings of Fact, Conclusions of Law, Decision and Order, Filed on September 21, 2012, And Dismissing Appellant's Agency's Appeal" and (2) April 12, 2013 Judgment both entered in the Circuit Court of the First Circuit are affirmed.

DATED: Honolulu, Hawai'i, May 28, 2014.

On the briefs:

Philip W. Miyoshi
(Miyoshi & Hironaka)
for Appellant/Plaintiff-
Appellant.

Diane K. Taira
John C. Wong
Jennifer R. Sugita
Deputy Attorneys General
for Appellee/Defendant-
Appellee.

Presiding Judge

Associate Judge

5